IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUNNAR THELANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:14-CV-2650-P |
| | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES LLC; EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC.; | § | |
| INNOVIS DATA SOLUTIONS, INC.; | § | |
| XEROX EDUCATION SERVICES, LLC | § | |
| F/K/A ACS EDUCATION SERVICES, INC.; | § | |
| BANK OF AMERICA CORPORATION | § | |
| A/K/A FIA CARD SERVICES; SYNCHRONY | § | |
| BANK; HSBC CARD SERVICES, INC.; | § | |
| NELNET, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is Plaintiff's Motion to Remand, filed August 22, 2014. Doc. 14.

Defendant Experian Information Solutions, Inc. ("Experian") filed a Response on August 28,

2014. Doc. 17. Plaintiff failed to file a reply.

Also before the Court is Defendant Synchrony Bank's ("Synchrony") Motion to Dismiss,

filed August 4, 2014. Doc. 9. Plaintiff responded on September 8, 2014. Doc. 22. On September

18, 2014, Synchrony filed its reply. Doc. 23. After reviewing the parties' briefing, the evidence,

and the applicable law, the Court DENIES Plaintiff's Motion to Remand. The Court also

GRANTS in part and DENIES in part Synchrony's Motion to Dismiss.

I.      **Background**

This case arises out of allegedly inaccurate data reported to and published by credit

reporting agencies ("CRAs"). On April 8, 2014, Plaintiff filed an original petition against six debt collectors and three CRAs, claiming that he was harmed by inaccurate information supplied to and published by the accused CRAs. Doc. 1-3 at 3-15 (Plaintiff's original petition). On July 13, 2014, Plaintiff filed an amended petition, substituting parties and seeking damages up to $900,000, as opposed to $100,000 in the original petition. *Id.* at 166-78. On July 23, 2014, Experian removed this case to federal court. Doc. 1.

Now, Plaintiff seeks remand based on the timeliness of Experian's removal, Doc. 14, and Synchrony moves to dismiss Plaintiff's amended petition for failing to state a claim. Doc. 8.

## II.    Motion to Remand

Plaintiff's motion for remand revolves around the amount in controversy requirement for federal diversity jurisdiction. In particular, Plaintiff argues both that removal was untimely in relation to the original petition because it was always apparent that the amount in controversy exceeds $75,000, and that Experian's notice of removal failed to prove the amount in controversy exceeds $75,000. Doc. 3-5.

First, Plaintiff contends that Experian failed to remove this case within the statutory thirty day time limit for removal. *Id.* Under 28 U.S.C. § 1446(b)(1),

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

Based on this statute, the Fifth Circuit has held,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from

> which it may first be ascertained that the case is one which is or has become removable.

*Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992); *see Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-98 (5th Cir. 2013) ("Restated, if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. If the initial pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable.").

It is undisputed that Experian did not file the notice of removal within thirty days of the initial pleadings, but did file the notice within thirty days of receiving Plaintiff's amended petition. *See* Doc. 14 at 2; 17 at 3. Experian alleges that the initial pleadings did not trigger the thirty-day removal clock because the original petition did not indicate a claimed amount. Doc. 17 at 4. Instead, Experian only ascertained that the case was removable based on the amended petition's "alleged damages 'up to a maximum of $900,000' in both actual and exemplary damages." Doc. 1 at 2 (quoting Plaintiff's amended petition). Plaintiff, on the other hand, insists that the original petition set forth damages exceeding the statutory minimum. Doc. 14 at 3.

The only indication of total claimed damages in Plaintiff's original petition is the disclosure required by Rule 47 of the Texas Rules of Civil Procedure that, "Plaintiff seeks only monetary relief of $100,000 or less." Doc. 1-3 at 3-15. However, multiple district courts have held that similar Rule 47 disclosures do not represent a request for a specific dollar amount of damages. *See Oliver v. CitiMortgage, Inc.*, 2014 WL 285218, at *3 (N.D. Tex. Jan. 27, 2014); *Wilson v. JPMorgan Chase Bank, N.A.*, 2013 WL 5952576, at *8 (N.D. Tex. Nov. 7, 2013) ("an allegation that party is seeking 'monetary relief of $100,000 or less' is not tantamount to a claim that the party is seeking 'at least $75,000, exclusive of interest and costs'"); *Jackson v. Bank of Am., N.A.*,

2014 WL 2616872, at *8 (N.D. Tex. June 12, 2014) ("The paragraph in Plaintiff's complaint stating that he 'seeks monetary relief of $100,000 or less and non-monetary relief' merely conforms to Texas Rule of Civil Procedure 47, which requires plaintiffs to select one of five prescribed claims for relief and does not represent a request for a specific dollar amount of damages."). The Court agrees that the disclosure does not indicate that the amount in controversy exceeds $75,000. Accordingly, because Plaintiff's original petition failed to allege a dollar amount of damages, it did not trigger the removal clock.

Next, the Court examines Plaintiff's argument that Experian failed to prove the amount in controversy exceeds the minimum for removal. At the outset, Plaintiff's argument misstates the legal standard for removal. Contrary to Plaintiff's assertions, Experian does not have to prove by a preponderance of the evidence that the amount in controversy exceeded the statutory minimum. It is sufficient for Experian to show that Plaintiff's petition made it facially apparent that the amount in controversy exceeds $75,000. *See Manguno v. Prudential Property & Casualty Insurance Company*, 276 F.3d at 720, 725 (5th Cir. 2002).

In the notice of removal, Experian claims the amended petition made it apparent that the amount in controversy exceeds $75,000. Doc. 1. Notably, Plaintiff's amended petition only differs slightly from the original petition. *See* Doc. 1-3 at 3-15 (Plaintiff's Original Petition), 166-78 (Plaintiff's Amended Petition). The amendment changes the discovery control plan and the Rule 47 recovery disclosure from discovery level 1, seeking "only monetary relief of $100,000 or less," Doc. 1-3 at 4, to discovery level 2, seeking recovery "up to a maximum amount of $900,000." Doc. 1-3 at 166. It also substitutes Synchrony Bank in place of GE Capital Financial, Inc. as a party to this suit, and renames Sallie Mae, Inc. to Navient Solutions, Inc.. Doc. 1-3 at 167-168.

Other than these small alterations, nothing in the amended petition varies from the original petition. *See* Doc. 1-3 at 3-15 (Plaintiff's Original Petition), 166-78 (Plaintiff's Amended Petition).

Nevertheless, unlike Plaintiff's original petition, the amended petition sufficiently indicates that the amount in controversy exceeds $75,000. Under Rule 47 of the Texas Rules of Civil Procedure, the party must set forth a claim for relief falling in one of five categories. Plaintiff's original petition fell in the lowest category, "monetary relief of $100,000 or less." Tex. R. Civ. P. 47(c)(1). In contrast, Plaintiff's amended petition sought recovery "up to a maximum amount of $900,000." Doc. 1-3 at 166. While this does not perfectly correspond to a Rule 47(c)(1) category, the figure sought falls within the fourth category, "monetary relief over $200,000 but not more than $1,000,000." *See* Tex. R. Civ. P. 47. This category necessarily exceeds the amount in controversy requirement. Therefore, Plaintiff's amended petition makes it apparent that the amount in controversy exceeds the statutory minimum.

Because of this, the time limit to remove this case began upon receipt of the amended petition, July 17, 2014, and Experian timely removed this suit within thirty days, on July 23, 2014. Plaintiff's motion to remand is denied.

## III. Motion to Dismiss

### a. Standard of Review

Synchrony moves to dismiss Plaintiff's amended petition for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 8. Plaintiff contends that the petition should be reviewed under the Texas notice pleading standard, rather than the federal pleading requirements. Doc. 22 at 3. In support, Plaintiff cites three cases. *See id.* (citing *Akerblom v. Exra Holdings, Ltd.*, 509 F. App'x 340 (5th Cir. 2013); *Murphy v. Broyhill Furniture Indus., Inc.*, 2009 WL 1543918 (N.D. Tex. June 2, 2009); *Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637

(E.D. Tex. 2013)).  However, the cases cited are inapplicable here because they each address improper joinder, rather than a motion to dismiss under Rule 12(b)(6).  *Akerblom*, 509 F. App'x at 344 ("In reviewing an improper-joinder ruling—a question of subject-matter jurisdiction, which necessitates examining plaintiff's state-court complaint—our court must apply state law as interpreted by state courts." (quotations omitted)); *Murphy*, 2009 WL 1543918, at *5 ("The question presented to the court in a motion to remand based on improper joinder is not one of sufficiency of the pleadings under federal procedural rules, but rather the plausibility of a plaintiff's claim under applicable state law against an in-state defendant."); *Holmes*, 942 F. Supp. 2d at 645 (following the holding in *Akerblom*).

Despite the inapplicability of Plaintiff's referenced cases, the Court examines Plaintiff's claims under the Texas notice pleading standard.  Under Rule 81(c) of the Federal Rules of Civil Procedure, "[a]fter removal, repleading is unnecessary unless the court orders it."  Additionally, as noted by the Fifth Circuit, "[a]fter removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal.  Thus, state law controls such procedural issues as questions concerning . . . the form, sufficiency, filing, and service of pleadings."  *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944,  n.4 (5th Cir. 2014) (quoting 14 J. Moore, et al., *Moore's Federal Practice* § 81.04[2] (3d ed. 2013))

Texas state courts follow a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading[s] the nature and basic issues of the controversy and what testimony will be relevant."  *SFTF Holdings, LLC v. Bank of Am.*, 2011 WL 1103023, at *1 (N.D.Tex. Mar. 22, 2011) (quoting *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex.2000)).  The Texas Rules of Civil Procedure allow pleadings to contain legal conclusions, but require "a statement in plain and concise language of the plaintiff's cause of action."  Tex. R.

Civ. P. 45(b). Under this lenient standard, the court "should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993); *see also Landor v. State Farm Lloyds,* 2013 WL 1746003, at *2 (N.D. Tex. April 23, 2013).

Plaintiff's amended petition alleges causes of action under the Texas Debt Collection Act ("TDCA"), the Texas Civil Practice and Remedies Code §§ 73.001 et seq., and common law defamation. Doc. 1-3 at 175-76. Synchrony disputes the sufficiency of each cause of action alleged, and seeks dismissal based on the Fair Credit Reporting Act and qualified privilege. Doc. 9; 23.

### i. Fair Credit Reporting Act

First, the Court addresses Synchrony's argument that Plaintiff's petition is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Doc. 9 at 12. The FCRA contains two relevant preemption sections, 15 U.S.C. § 1681t(b)(1)(F) and 15 U.S.C. § 1681h(e). Section 1681t(b)(1)(F) broadly preempts state law claims by providing, "[n]o requirement or prohibition may be imposed under the law of any State—(1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b). In contrast, section 1681h(e) preempts any action or proceeding in the nature of defamation, invasion of privacy, or negligence . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

Synchrony argues that the FCRA preempts all of Plaintiff's state law claims, regardless of malice, because the preemptive scope of section 1681t(b)(1)(F) covers each claim. Doc. 9 at 12-13. However, Courts in the Northern District of Texas have "construe[d] section 1681t(b)(1)(F)

narrowly to preempt only those claims arising under state statutory law, and recognize[d] section 1681h(e) as a federal defense to those state common-law claims not alleged or proved to be the product of malice or willful intent." *Shaunfield v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786, 801 (N.D. Tex. 2014) (quoting *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 490-91 (N.D. Tex. 2011) and *Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 521 (N.D. Tex. 2003)). Therefore, Synchrony asks the Court to reconsider its stance and hold that Plaintiff's claims are preempted by the FCRA. Doc. 9 at 13-14; Doc. 23 at 7-8. The Court declines the invitation.

The Northern District of Texas's approach to considering the preemptive scope of section 1681t(b)(1)(F) is proper. The Court examines the scope of 1681t(b)(1)(F) in the context of the remaining statute. Section 1681h(e), which was enacted in 1970 as part of the original legislation, addresses consumer actions for defamation with respect to information reported to CRAs, and only preempts torts that do not have the heightened standard of malice or willful intent. *See* 15 U.S.C.A. § 1681h(e); *see also Shaunfield*, 991 F. Supp. 2d at 800; *Pachecano v. JPMorgan Chase Bank Nat. Ass'n.*, 2013 WL 4520530, at *4 (W.D. Tex. Aug. 26, 2013). Further, despite the amendment to the FCRA in 1996, Congress did not alter the preemption in section 1681h(e) or indicate that 1681t(b)(1)(F) was intended to repeal section 1681h(e). *Pachecano*, 2013 WL 4520530 at *4; *Meisel*, 795 F. Supp. 2d at 491. In fact the Fifth Circuit has appeared to recognize the independent force of section 1681h(e) by allowing common law claims to be brought against CRAs and information furnishers so long as malice or willfulness is alleged. *See Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471-72 (5th Cir. 2006) (affirming summary judgment against a libel claim based on section 1681h(e) and the conditional privilege under Texas law because no evidence indicated malice) ; *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir.

2002) (finding preemption of a state law defamation claim because no evidence indicated malice or willful intent, as required by section 1681h(e)). Therefore, the Court follows the prevailing "statutory" approach of the Northern District of Texas that section 1681t(b)(1)(F) does not completely subsume section 1681h(e) and that "section 1681t(b)(1)(F) preempts all causes of action against furnishers grounded in state statutory law, and section 1681h(e) preempts those tort claims arising under state common law." *Meisel*, 795 F. Supp. 2d at 491; *see also Shaunfield*, 991 F. Supp. 2d at 800; *Carlson*, 259 F. Supp. 2d at 521 ("[Section] 1681h(e) applies only to torts, while § 1681t(b)(1)(F) applies only to state statutory regulation.").

Here, Plaintiff's statutory claims cannot continue as to Synchrony. Plaintiff alleges that Synchrony is liable under the Texas Debt Collection Act, Tex. Fin.Code § 392.001 *et seq.* ("TDCA") for reporting allegedly inaccurate information to CRAs and failing to correct the inaccuracies upon request. Doc. 1-3 at 175. Further, it is undisputed that Synchrony is a furnisher of information to CRAs. Therefore, the subject matter of Plaintiff's TDCA claim against Synchrony is related to the responsibilities of furnishers that are governed by 15 U.S.C. § 1681s-2. Because of this, section 1681t(b)(1)(F) applies to preempt Plaintiff's statutory TDCA claim against Synchrony. Likewise, Plaintiff's statutory defamation claim under Texas Civil Practice and Remedies Code § 73.001 *et seq.*, which is based on the same subject matter, is also preempted.

However, because section 1681t(b)(1)(F) does not apply to common law claims, Plaintiff's common law defamation claim survives preemption of section 1681h(e) so long as Plaintiff can establish malice.

### b. Plaintiff's Defamation Claim

Synchrony argues that Plaintiff failed to adequately plead defamation claims because the petition does not identify the allegedly false statements, claim malice, or support his purported

damages. Doc. 9 at 10.  To maintain a defamation action under Texas common law or the Texas Civil Practice and Remedies Code Section 73.001 et seq., "a plaintiff must demonstrate that the defendant published a defamatory statement about him while acting with negligence regarding the truth of the statement." *Ameen v. Merck & Co.,* 226 F. App'x 363, 370 (5th Cir. 2007); *see Main v. Royall,* 348 S.W.3d 381, 389 (Tex.App.—Dallas, 2011, no pet.).

Here, Plaintiff's petition claims that the CRAs reported false information sent to them by certain Defendants, and all of this information was known to be false.  Doc. 1-3 at 7-8.  Plaintiff also argues that Synchrony had notice of the underlying facts through a CRA report that Plaintiff filed, and therefore the petition adequately alleges the cause of action.  Doc. 22 at 5.  The Court agrees with Plaintiff.  As required by the Texas pleading standard, Plaintiff's petition gives notice of the nature and basic issues of this suit.  In the petition, Plaintiff states that he "notified the CRAs and the Data Furnishing Debt Collectors in writing via a notarized statement," that Plaintiff disputes the accuracy of specifically referenced information that Synchrony submitted to the CRAs. Doc. 1-3 at 172; *see also* Doc. 22 at 5-6.  Assuming this notification actually occurred, Defendants should be able to ascertain the nature and basic issues of the controversy, including what statements and charges are disputed.  Read in light of this notice, the petition sufficiently gives Synchrony notice of the claims to satisfy Texas's pleading standards.  It also adequately alleges that Defendants acted with malice by knowingly reporting false information.  Finally, the potential financial injury to Plaintiff's credit score supports the damage claims.

Ultimately, based on the petition, Synchrony can ascertain the nature and issues of this case. *See SFTF Holdings,* 2011 WL 1103023, at *1.  Therefore, Plaintiffs' petition is not dismissed at this stage.  The Court next turns to Synchrony's qualified privilege and exemplary damages arguments.

### i. Qualified Privilege

In Texas, good faith reports made to credit reporting agencies can be privileged. *See Morris v. Equifax Information Services, LLC*, 457 F.3d 460, at 471 (5th Cir. 2006). "Such privilege is termed conditional or qualified because a person availing himself of it must use it in a lawful manner and for a lawful purpose. The effect of the privilege is to justify the communication when it is made without *actual malice*." *Morris*, 457 F.3d at 471 (quoting *Dun & Bradstreet, Inc. v. O'Neil*, 456 S.W.2d 896, 898 (Tex. 1970)). Here, Synchrony's Motion to Dismiss cannot establish that reports were made without actual malice. *See* Doc. 9. Therefore, Synchrony has not adequately shown that Plaintiff's claims are barred by qualified privilege.

### ii. Exemplary Damages

Finally, Synchrony argues that the petition fails to state a claim for the award of exemplary damages. *See* Doc. 9 at 11; Doc. 23 at 5. Under Texas Civil Practice and Remedies Code § 41.003, exemplary damages are available if the claimant proves malice by clear and convincing evidence. Here, because malice remains a fact issue, Plaintiff's claim for exemplary damages survives dismissal.

## IV.  Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand and the Court GRANTS in part and DENIES in part Synchrony's Motion to Dismiss.  Specifically, the Court dismisses Plaintiff's petition to the extent Plaintiff alleges a statutory cause of action for defamation and violation of the TDCA against Synchrony.  Plaintiff's common law defamation claim remains.

**IT IS SO ORDERED.**

Signed this  *18th*  day of December, 2014.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE